# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| (1) ROCHELLE BYRD, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>) |
| (1) WELLPOINT FLEXIBLE BENEFIT PLAN,<br>(2) ANTHEM LIFE INSURANCE COMPANY, | )<br>) Attorney Lien Claimed<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Rochelle Byrd, for her cause of action against Defendants, WellPoint Flexible Benefit Plan (the "Plan") and Anthem Life Insurance Company ("Anthem Life"), alleges and states as follows:

### I. Jurisdiction and Venue

1. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., to recover long-term disability ("LTD") benefits due under an employee benefit plan, and to recover costs and attorney's fees as provided by ERISA.

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.  Under 29 U.S.C. § 1132(f), this Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to 29 U.S.C. § 1132(e)(2) and pursuant to 29 U.S.C. § 11391(b), in that a substantial part of the events or omissions

giving rise to Plaintiff's claim occurred in this district.

## II.   Parties and Plan

4.   Plaintiff is a forty-seven (47) year-old female.  She resides in the City of Ballwin, St. Louis County, State of Missouri and in this judicial district.

5.   At all times relevant, Plaintiff was employed by Anthem, Inc. ("Anthem"). She worked as a Manager of Medicare Sales at the Anthem location in St. Louis, Missouri.

6.   During the term of Plaintiff's employment, Anthem provided long term disability ("LTD") insurance coverage to its eligible employees, including Plaintiff, through the WellPoint Flexible Benefit Plan.

7.   The LTD insurance coverage Anthem provided to its eligible employees, including Plaintiff, was a component disability benefit program incorporated into and made a part of the Plan.

8.   At all relevant times, Plaintiff was eligible to participate in the Plan and the component disability benefit program, did participate in the Plan and component disability benefit program, and was a participant in the Plan and component disability benefit program within the meaning of 29 U.S.C. § 1002(7).

9.   Upon information and belief, the terms and conditions of the Anthem-provided LTD insurance coverage are set out in a LTD policy issued by Anthem Life to Anthem's parent corporation, ATH Holding Company, LLC ("ATH Holding").

10.   Upon information and belief, the LTD benefits which may be due to an eligible employee, including Plaintiff, under the Plan and component disability benefit

-2-

program are self-funded and paid by ATH Holding for the first 24 months of LTD benefits.

11.     Upon information and belief, the LTD benefits which may be due to an eligible employee, including Plaintiff, under the Plan and component disability benefit program beyond the first 24 months are paid pursuant to insurance underwritten by Anthem Life.

12.     The claim administrator for the Plan's component LTD benefit program is Anthem Life.  Benefit determinations with respect to Plaintiff's claim for LTD benefits were made by Anthem Life.

### III.     Allegations Applicable to All Claims

13.     Plaintiff began working for Anthem on December 3, 2012.  She last worked on February 24, 2016.

14.     As a Sales Manager, Plaintiff was paid a base salary and commissions pursuant to a sales incentive plan.  For the 2015 calendar year, Plaintiff's earnings from her employment with Anthem was $111,375.  In 2016, Plaintiff's base salary was $76,769.31.

15.     As a Sales Manager, Plaintiff had eight (8) employees directly reporting to her.  She was responsible for managing Medicare sales and driving marketing activities in her assigned markets, which included all of Missouri (except the Kansas City area) and the Milwaukee and Green Bay metropolitan areas in Wisconsin.  Plaintiff's primary duties were to provide leadership and strategic direction to ensure profitable growth, develop strategies and execute sales plans to achieve membership growth and financial

goals, work extensively with sales teams, develop sales and marketing plans, develop and motivate staff to achieve common goals, and hire, train, coach, counsel and evaluate the performance of her direct reports.

16. Plaintiff's job duties required (1) strong written, verbal, analytical, technical, and interpersonal skills, and (2) strong planning and organizational skills. And while the work was frequently done in an office environment, the job required a significant amount of travel.

17. As a consequence of debilitating behavioral health conditions, Plaintiff could not perform the duties of her job after February 24, 2016. Anthem, through its HRSolutions Center, reviewed Plaintiff's pertinent medical information and records and determined that Plaintiff was unable to perform the duties of her job.

18. The Anthem HRSolutions Center approved Plaintiff's request to take Family & Medical Leave Act leave for 12 weeks due to her incapacitating serious health condition, and it further approved Plaintiff's claim for short term disability ("STD") benefits for the entirety of the 180-day STD period.

19. Under the applicable Anthem STD plan, an employee is entitled to STD benefits when she is unable to perform the essential duties of her job due to a non-work related medical or behavioral health condition.

20. The Anthem HRSolutions Center approved Plaintiff's FMLA leave and STD benefit claim as a consequence of information and records it received from Plaintiff's treating psychiatrist and treating counselor.

21. In July 2016, as Plaintiff's absences from work approached the maximum

allowable STD period of 180 days, the Anthem HRSolutions Center notified Anthem Life that she may need to file for LTD benefits.

22. By letter dated July 27, 2016, Anthem Life advised Plaintiff that she may be eligible for LTD benefits and provided her the LTD claims packet.

23. Plaintiff completed and submitted the LTD claim form and also submitted medical records in her possession. Plaintiff's treating psychiatrist and treating counselor also submitted pertinent medical information and records to Anthem Life in relation to Plaintiff's LTD claim.

24. Anthem Life did not obtain a copy of the job description applicable to Plaintiff's position.

25. On September 19, 2016, an Anthem Life employee, Charlene Smith, conducted a behavioral health review, which included a behavioral health interview done over the telephone.

26. Anthem Life's behavioral health employee, Ms. Smith, opined that the medical information did not support Plaintiff's inability to work.

27. Aside from asserting a conclusion about Plaintiff's ability to work, Ms. Smith did not record any assessment or analysis about whether Plaintiff could, in fact, perform the material duties of her Sales Manager occupation.

28. Ms. Smith's qualifications to make behavioral health assessments about Plaintiff's psychiatric impairments, symptomatology, and related functional limitations is not indicated anywhere in the LTD claim file.

29. Anthem's behavioral health employee, Ms. Smith, never examined or

observed Plaintiff. Ms. Smith could not and did not observe the subtleties in Plaintiff's mannerisms or the nuances derived from Plaintiff's speech and gestures. Ms. Smith could not and did not assess, by observational data, Plaintiff's affect, mood, cognition, memory, or attention.

30. Nevertheless, based on the assessment of the Anthem Life behavioral health employee, Anthem Life determined to deny Plaintiff's LTD claim.

31. Upon internal review, an Anthem Life manager concurred with the decision to deny Plaintiff's claim, but the manager conceded the existence of a functional impairment by saying "the functional impairment is better explained as an employer and employee concern."

32. By letter dated September 21, 2016, Anthem Life notified Plaintiff that it was denying her LTD claim. In its denial letter, Anthem Life explained that "the medical information provided does not support a level of severity as to preclude *sedentary* work capacity through the entire 180-day elimination period (February 25, 2016)." [Emphasis added.]

33. The letter went on to say "[w]hile we understand you have complaints of depression and panic attacks, the medical evidence presented does not support an inability to work."

34. Anthem Life did not explain the contradiction between its determination and that of the Anthem HRSolutions Center with respect to Plaintiff's ability to perform the duties of her job during the 180-day period after February 25, 2016. It did not explain how Plaintiff could be found continuously disabled for the entirety of the 180-day STD

-6-

period, but somehow be found not continuously disabled for purposes of her LTD claim for the same 180-day period.

35.     By letter dated November 3, 2016, Plaintiff appealed the denial of her LTD claim and submitted additional information and records.  The submitted information, along with the existing information and records in the claim file, made clear that Plaintiff's various diagnoses and symptoms rendered her disabled within the meaning of the Plan and component disability benefit program.

36.     Thereafter, Anthem Life caused Plaintiff's file to undergo a physician consultant file review by a psychiatrist provider through a third-party vendor.

37.     By report dated December 13, 2016, the physician consultant opined that the medical evidence from February 25, 2016 supported one or more psychiatric diagnoses.

38.     The physician consultant opined, however, that "the medical evidence does not support psychiatric symptoms of a quality or severity that would require restrictions or limitations that would impede the claimant from performing her occupation."

39.     The physician consultant had no clinical interaction with Plaintiff.  The physician consultant never observed, examined or spoke with Plaintiff, even though the primary assessment tool for a psychiatrist evaluating an individual's medical condition is a face-to-face interview with the patient. Consequently, the physician consultant could not and did not observe the subtleties in Plaintiff's mannerisms or the nuances derived from Plaintiff's speech and gestures.  The physician consultant could not and did not assess, by observational data, Plaintiff's affect, mood, cognition, memory, or attention.

40. Aside from asserting a conclusion about Plaintiff's ability to perform the duties of her occupation, the physician consultant did not record any assessment or analysis about whether Plaintiff could, in fact, perform the material duties of her Sales Manager occupation.

41. On December 14, 2016, an Anthem Life appeals specialist reviewed Plaintiff's claim file and recommended to uphold the initial denial. The asserted rationale was that, in view of the claim file information, the occupational requirements of her *light* exertional level job, and the physician consultant's opinion, Plaintiff did not meet the plan's definition of disability.

42. On December 14, 2016, another Anthem Life manager reviewed the recommendation and agreed with it.

43. By letter dated December 15, 2016, Anthem Life denied Plaintiff's appeal.

44. As with its initial LTD claim denial, Anthem Life did not explain the contradiction between its final determination and that of the Anthem HRSolutions Center with respect to Plaintiff's ability to perform the duties of her job during the 180-day period after February 25, 2016. It did not explain how Plaintiff could be found continuously disabled for the entirety of the 180-day STD period, but somehow be found not continuously disabled for purposes of her LTD claim for the same 180-day period.

45. In reaching its adverse claim decision and during the course of its claim handling process leading to the same, Anthem Life failed to apply the terms of the applicable policy to Plaintiff's LTD claim, cherry-picked record information which might lend support to a claim denial while de-emphasizing or disregarding record information

supportive of her claim, failed to consider the material, non-exertional duties of Plaintiff's occupation, and relied on an inherently unreliable file review by an unqualified behavioral health unit employee and a psychiatrist consultant who never observed or examined Plaintiff.

46. Plaintiff has exhausted her administrative remedies under the Plan.

### IV. Statement of Claims

### First Claim

### ERISA – Improper Denial of Benefits

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint as though set forth at length herein and further alleges:

48. At all relevant times the terms of the Plan and the component disability benefit program required payment of LTD benefits to Plaintiff due to her debilitating impairments and consequential inability to perform the material and substantial duties of her own occupation.

49. The failure of the Plan and Anthem Life to pay LTD benefits to Plaintiff due to her debilitating impairments is contrary to the terms of the Plan and the component disability benefit program/policy, and is wrong and/or arbitrary and capricious.

50. Plaintiff seeks a declaration from this Court that she is entitled to the LTD benefits due her under the terms of the Plan and component disability benefit program/policy and an Order that all future disability benefits (and related other employee and/or Plan benefits, including but not limited to continued Life Insurance),

should be provided and maintained pursuant to the terms of the Plan.

51. By reason of Anthem Life's erroneous, wrongful, and/or arbitrary and capricious claim decision, Plaintiff has been forced to retain an attorney to secure disability benefits due her under the terms of the Plan and component disability benefit program/policy, for which Plaintiff has and will incur attorney fees and costs.

52. Plaintiff is entitled to recover the reasonable attorney fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiff, Rochelle Byrd, demands judgment against Defendants, WellPoint Flexible Benefit Plan and Anthem Life Insurance Company, as follows:

(1) for a declaration that Defendants improperly denied payment of LTD benefits to Plaintiff, and that Plaintiff is entitled to receive the amount of benefits due under the terms of the Plan that have not been paid, together with prejudgment and post-judgment interest thereon;

(2) for a declaration that all future LTD benefits be paid pursuant to the terms of the Plan and component disability benefit program/policy;

(3) for a declaration that all related other employee benefits due Plaintiff as a consequence of her continuous total disability under the Plan be reinstated and/or paid according to the terms of the Plan and component benefit programs/policies;

(4) for the costs of this action and Plaintiff's attorney fees, pursuant to 29 U.S.C. §1132(g); and

(5) for such other and further relief as may be deemed just and proper by the Court.

        **Respectfully submitted,**

        **SHOOK & JOHNSON, PLLC**

**By:**    <u>**s/ Jonathan E. Shook**</u>
        **Jonathan E. Shook, MO Bar #68898**
        **7733 Forsyth Blvd., Suite 1100**
        **St. Louis, MO 63105**
        **(314) 296-6095 –** *telephone*
        **(314) 296-6001 -** *facsimile*
        **jshook@shookjohnson.com**

        **ATTORNEY FOR PLAINTIFF**