UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROCHELLE BYRD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:17-cv-00008-JMB |
| (1)  WELLPOINT FLEXIBLE BENEFIT PLAN, (2) ANTHEM LIFE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Rochelle Byrd, respectfully submits this response in opposition to the Motion to Dismiss (dkt. #6) filed on March 6, 2017 by Defendants, WellPoint Flexible Benefit Plan (the "Plan") and Anthem Life Insurance Company ("Anthem").  Defendants' motion should be denied because the facts relevant to the issue of judicial estoppel establish that Plaintiff is not estopped from pursuing her ERISA-governed claim against Defendants for long term disability ("LTD") benefits.  In support of Plaintiff's opposition to Defendants' motion to dismiss, she states as follows:

**I.   ARGUMENT AND AUTHORITIES**

   **A.   Applicable Legal Standards**

In resolving a Rule 12(b)(6) motion the court assumes the truth of the alleged facts in plaintiff's complaint and draws all reasonable inferences in favor of the non-moving party. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  A court may dismiss a claim pursuant to Rule 12(b)(6) if the claimant fails to set forth factual allegations in support of the claim that would entitle the claimant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Those "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6), the facts relevant to the issue of judicial estoppel go beyond the allegations contained in Plaintiff's Complaint.  Defendants' have submitted extrinsic material and invited the court to take judicial notice of a bankruptcy petition and other filings from Plaintiff's bankruptcy case. Rule 12(d) provides that, in this circumstance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED.R.CIV.P. 12(d).

As permitted by Rule 12(d), Plaintiff herewith submits extrinsic documentary evidence relevant to the issue of judicial estoppel.  The extrinsic material is from the LTD claim file generated and maintained by Anthem during the course of its LTD claim handling process.  Accordingly, the court should convert the Defendants' motion into a motion for summary judgment. FED.R.CIV.P. 12(d).

Pursuant to FED.R.CIV.P. 56(a), a moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

### B. Plaintiff is Not Judicially Estopped from Asserting this Action

For its single proposition, Defendants say judicial estoppel prevents Plaintiff from pursuing this claim in this court purportedly because she failed to disclose her LTD claim to the bankruptcy court. [Def. Motion (dkt. #6, p. 1)]; [Def. Mem. (dkt. #7), pp. 5-8.] "The doctrine of judicial estoppel prevents a party from taking a position during litigation which is contrary to one taken in a prior judicial or quasi-judicial proceeding. The underlying purpose is to protect the judicial process." *Amtrust, Inc. v. Larson*, 388 F.3d 594, 600 (8th Cir. 2004).

The court in *Taylor v. Comcast Cablevision of Arkansas, Inc.*, 252 F.Supp.2d 793 (E.D. Ark. 2003) elucidated as follows:

> [J]udicial estoppel is an extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice. It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to secure substantial equity.

*Id*. at 799 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3rd Cir. 1996) (internal quotation marks and citation omitted)). In *Taylor*, the court further stated that ordinarily judicial estoppel should be applied when there is intentional or deliberate manipulation which can be inferred from the record. Judicial estoppel should not be invoked where the former position was the product of inadvertence or mistake. *Id*. at 796.

Plaintiff agrees with Defendants that courts generally consider three nonexclusive factors to determine whether judicial estoppel should be invoked. "First, a party's later position must be clearly inconsistent with its earlier position." *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). Second, courts consider "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled." *Id*. The third consideration is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*.

Of course, these factors are not meant to be inflexible prerequisites or constitute an exhaustive formula. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id*. "Judicial estoppel, however, is an extraordinary remedy and should only be applied when a party's inconsistent behavior will result in the miscarriage of justice." *Copeland v. Hussmann Corp.*, 462 F.Supp.2d 1012, 1019 (E.D. Mo. 2006) (citing *Ryan Operations*, 81 F.3d at 365).

As may be discerned from Defendants' motion, its theory of wrongdoing on the part of Plaintiff is that she filed a bankruptcy petition on July 1, 2016 pursuant to Chapter 13 of the Bankruptcy Code and did not schedule (or disclose) her LTD claim in the Schedules filed on August 1, 2016 or at any time thereafter. In so urging, Defendants assume, without any corroborating evidentiary material, that Plaintiff had, or appreciated that she had, an LTD claim at times pertinent to her Chapter 13 bankruptcy filings on July 1, 2016 and August 1, 2016. Defendants further assume, wrongly, that Plaintiff had an obligation to amend her bankruptcy schedules after her bankruptcy case was converted to Chapter 7 and after her

LTD claim subsequently came into existence.[1]

In fact, as established by the record evidence, Plaintiff did not initiate or file a claim for LTD benefits with Anthem until August 29, 2016. [Fax Cover Sheet dated August 29, 2016 and LTD Claim Form attached as Exhibit A.]  She filed an LTD claim only after it became abundantly clear that her health condition would prevent her from returning to her well-paying job.[2]  Thus, Plaintiff did not fail to disclose an existing or known LTD claim on July 1, 2016 or August 1, 2016.  And because the actual filing of an LTD claim did not occur until August 29, 2016, Plaintiff had no post-petition obligation to amend her Schedules in what was, by then, a Chapter 7 bankruptcy case.  Accordingly, Defendants' judicial estoppel argument fails.

The pertinent claim facts are as follows.  As a consequence of her debilitating behavioral health conditions, Plaintiff could not perform the duties of her job after February 24, 2016.  She subsequently was approved for leave pursuant to the FMLA and approved to receive short term disability ("STD") benefits. [Complaint (dkt. #1), ¶¶17-18.]

As of May 24, 2016, the treatment plan indicated by Plaintiff's treating doctor, Dr. Ahmad B. Ardekani, explicitly noted disability for 9 months. [Dr. Ardekani's Consultation Note for May 24, 2016 attached as Exhibit B.]  Dr. Ardekani completed an Attending

---

[1] As acknowledged in *Stanfill v. Hawthorn Recovery Services, Inc.*, 2013 WL 6197357 (E.D. Mo. Nov. 27, 2013), under federal bankruptcy law, "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes property of the bankruptcy estate.  *Id*. at *2 (citing 11 U.S.C. § 541(a)(1)).  "Causes of action are interests in property and are therefore included in the bankruptcy estate." *Id*. (quoting *Schaefer v. First Source Advantage*, 2013 WL 509001, at *4 (E.D. Mo. Feb. 12, 2013).  "In a Chapter 7 bankruptcy proceeding, only causes of action that have accrued before filing of the bankruptcy petition are assets of the bankruptcy estate." *Id*. (quoting *Harms v. Cigna Ins. Companies*, 421 F.Supp.2d 1225, 1228 (D.S.D. 2006) (citing cases)).

[2] Plaintiff earned over $110,000 in the preceding calendar year. [Complaint (dkt. #1), ¶14.]

Physician Statement in connection with Plaintiff's office visit on May 24 and explicitly noted a possible return to work in 9 months. [Dr. Ardekani's Attending Physician Statement dated May 24, 2016 attached as Exhibit C.]

Thereafter, as reflected in the medical records, Plaintiff's situation got more hopeful. As of June 27, 2016, Dr. Ardekani deleted from his treatment plan any reference to a specified period of disability, and he no longer predicted disability for 9 months. [Dr. Ahmad B. Ardekani Consultation Note for June 27, 2016 attached as Exhibit D.] In his Supplemental Physician Statement completed in connection with the office visit on June 27, 2016, Dr. Ardekani likewise omitted a return to work prediction of 9 months. In its place, he changed his noted prognosis about Plaintiff's return to work as "not now." [Dr. Ardekani's Supplemental Physician Statement dated June 27, 2016 attached as Exhibit E.][3]

In late July 2016, as the expiration of Plaintiff's short term disability leave approached, Anthem initiated its transition process in the event Plaintiff's health condition prevented her from returning to work. [Anthem Claim Worksheet attached as Exhibit G, at p. 6.] Anthem notified Plaintiff by letter dated July 27, 2016 that she may be eligible for LTD benefits in the event her health condition prevented her from returning to work. [Anthem Letter dated July 27, 2016 attached as Exhibit H.] Aside from asking questions in telephone calls on July 28 and August 2, Plaintiff took no clear action toward initiating an LTD claim. [Ex. G, pp. 5-6.]

Indeed, nothing happened in any way connected to a possible LTD claim until August 23, 2016. On that day, Plaintiff presented to the Mercy Hospital St. Louis Emergency

---

[3]At Plaintiff's subsequent office visits with Dr. Ardekani on July 28, 2016 and August 9, 2016, the doctor continued to omit from his treatment plan any reference to a specified period of disability. [Dr. Ardekani Consultation Notes for July 28, 2016 and August 9, 2016 attached as Exhibit F.]

Department due to palpitations. [*See* Fax Cover Sheet and Mercy Hospital ER Visit Notes attached as Exhibit I.]  She also called Anthem regarding "benefits." [Ex. G, p. 5.]

Thereafter, as is evident, or at least logically inferred, from the claim file information, Plaintiff came to understand that despite her hopes about returning to her well-paying job, she was not able to do so because of her behavioral health conditions.  She commenced an LTD claim with Anthem on August 29, 2016, [Ex. A.], and filed a claim for Social Security Disability Income benefits with the Social Security Administration the same day. [Fax Cover Sheet and SSDI Claim Confirmation dated August 29, 2016 attached as Exhibit J.]

Based on the facts in this matter, the doctrine of judicial estoppel does not apply and no factor militates in favor of Defendants' requested dismissal.  Plaintiff's non-disclosure of an LTD claim in her bankruptcy filings on July 1, 2016 and August 1, 2016 was not improper because her claim was not known to exist at the time.  Plaintiff had no duty to amend her bankruptcy petition to disclose the LTD claim after it was filed on August 29, 2016 because the LTD claim occurred after her Chapter 7 bankruptcy commenced.  *See Stanfill*, 2013 WL 6197357 at *2.  As a result, Plaintiff's post-petition LTD claim was not an asset of the bankruptcy estate and her pursuit of an LTD claim in this court is not inconsistent with her bankruptcy proceedings.  Plaintiff has not misled any court about her LTD claim, and by asserting her LTD claim in this court Plaintiff is not deriving an unfair advantage or imposing an unfair detriment on the Defendants.

This court should not invoke the extraordinary remedy of judicial estoppel.  Indeed, the court should recognize Defendants' motion for what it is – a technical defense seeking to derail a potentially meritorious claim.  *See Taylor*, 252 F.Supp.2d at 795.  "Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to secure substantial equity." *Id*. at 795.  Defendants' motion should be denied.

## II. CONCLUSION

For the reasons set out above, this Court should deny Defendants' motion to dismiss based on the doctrine of judicial estoppel.

                                  **Respectfully submitted,**

                                  **SHOOK & JOHNSON, P.L.L.C.**

**By:**    s/ Jonathan E. Shook
           **Jonathan E. Shook, MO Bar #68898**
           **7733 Forsyth Blvd., Suite 1100**
           **St. Louis, MO 63105**
           **(314) 296-6095 - telephone**
           **(314) 296-6001 - facsimile**
           **jshook@shookjohnson.com**

           **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March 2017, I electronically filed the foregoing instrument to the Clerk of the Court using the Court's CM/ECF system, which will electronically serve a copy of the same to the following counsel of record:

Ada W. Dolph
adolph@seyfarth.com

Gerald P. Greiman
ggreiman@spencerfane.com

Thomas W. Hayde
thayde@spencerfane.com

                                          s/ Jonathan E. Shook
                                          Jonathan E. Shook