UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROCHELLE BYRD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.  4:17 CV 0008 JMB |
|  | ) |  |
| WELLPOINT FLEXIBLE BENEFIT PLAN and | ) |  |
| ANTHEM LIFE INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Motion to Dismiss (ECF No. 6) filed by defendants Anthem Life Insurance Company and Anthem Flexible Benefit Plan (collectively, "Defendants").[1] The essence of the motion is that Plaintiff's claim for long-term disability ("LTD") benefits should be judicially estopped, as it was not disclosed in Plaintiff's bankruptcy proceeding, In re Rochelle Byrd, Case No. 16-44756 (Bankr. E.D. Mo 2016) ("Bankruptcy Case").  The matter is fully briefed, Plaintiff having filed her opposition (ECF No. 16) and Defendants having filed a reply (ECF No. 18).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the motion to dismiss is **denied**.

**I.     Standard**

Defendants filed the instant motion under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss a complaint must show "'that the pleader is entitled to

---

[1] The case was filed against Anthem Life Insurance and Wellpoint Flexible Benefit Plan. (ECF No. 1)  Defendants aver that Wellpoint was incorrectly named, and that the proper party is Anthem Flexible Benefit Plan. No challenge to this assertion has been made thusfar by Plaintiff. Should this become an issue, the Court will take it up separately.

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  Martin v. Iowa, 752 F.3d 725, 727 (8th Cir. 2014).

Plaintiff asserts that the Motion to Dismiss under Rule 12(b)(6) should be converted to a motion for summary judgement by operation of Rule 12(d).  Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Specifically, Plaintiff alleges that because Defendants' motion includes reference to filings in the Bankruptcy Case, the motion should be treated as one for summary judgment.

"In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion."  State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999).  A court may take judicial notice of public records and may consider them on a motion to dismiss.  Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir.2003).  Here, the pleadings in the Bankruptcy Case are public records, and thus there is no need to convert the motion to dismiss into one for summary judgment. Therefore, the Court has not taken any of Plaintiff's evidentiary submissions (ECF No. 17) into account.

## II.     Factual Background

As noted above, the Court must treat all well-pled factual allegations in the Complaint as true. Plaintiff is a 47 year-old female who was employed by Anthem, Inc. as a Medicare Sales Manager in St. Louis from December 3, 2012 through February 24, 2016. (Complaint, ECF No. 1 at ¶¶ 4-5, 13) As part of her employment, Plaintiff was eligible for LTD insurance coverage. (Id. at ¶¶ 6-9) The LTD coverage was provided as part of an employee benefits plan (Defendant Anthem Flexible Benefit Plan, or "Plan"), which is subject to the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Id. at ¶¶ 1,7-9) The claims administrator for the Plan was Defendant Anthem Life Insurance Company ("Anthem Life"). (Id. at ¶ 12)

Beginning on February 24, 2016, Plaintiff was unable to perform the duties of her job due to behavioral health conditions. (Id. at ¶ 17) She took leave under the Family and Medical Leave Act and was approved by her employer for short-term disability ("STD") benefits. (Id. at ¶ 18) Plaintiff was eligible for STD benefits for 180 days and received them for that period. (Id.)

On July 1, 2016, Plaintiff filed for bankruptcy in the Bankruptcy Court of the Eastern District of Missouri. (ECF No. 7-1) She filed under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq*. (Id. at 2, 4)

On July 27, 2016, as the 180-day STD period was running short, Anthem Life sent Plaintiff a notice that she may be eligible for LTD benefits, along with the paperwork for applying for those benefits. (ECF No. 1 at ¶ 22) Plaintiff completed the forms and submitted pertinent medical records to Anthem Life for review. (Id. at ¶ 23)

On August 18, 2016, Plaintiff filed a motion to convert her bankruptcy from a Chapter 13 case to a proceeding under Chapter 7, 11 U.S.C. § 701 *et seq.* (ECF No. 7-3) The Bankruptcy Court granted the request on August 23, 2016. (ECF No. 7-4)

On September 21, 2016, Defendant Anthem Life sent a letter to Plaintiff informing her that it was denying her claim for LTD benefits. (ECF No. 1 at ¶ 32) Plaintiff appealed the denial on November 3, 2016. (Id. at ¶ 35)

On December 2, 2016, the Bankruptcy Court granted Plaintiff's discharge. (ECF No. 7-5)

On December 15, 2016, Anthem Life sent Plaintiff a letter informing her that it was denying her appeal of the denial of LTD benefits. (ECF No. 1 at ¶ 43) Plaintiff filed the instant suit on January 5, 2017.

On February 7, 2017, the Bankruptcy Court issued its Final Decree discharging the trustee and closing the bankruptcy case. (ECF No. 7-6)

It does not appear that Plaintiff listed a claim for denial of long-term disability benefits amongst her assets in the Bankruptcy Case.

### III. Discussion

Defendants assert that the doctrine of judicial estoppel should be applied in this case to prevent Plaintiff from asserting a cause of action which she had disclaimed by omission from the filings in the Bankruptcy Case.

Upon filing of a bankruptcy petition, all assets of the debtor, including potential causes of action, become assets of the bankruptcy estate. See 11 U.S.C. § 541(a); United States ex rel. Gebert v. Transp. Admin. Servs., 260 F.3d 909, 913 (8th Cir.2001) ("[T]he property of the estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition."). Under 11 U.S.C. § 521(a)(1)(B), a debtor has an affirmative obligation to disclose all of their assets to the bankruptcy court.

"Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not

be the same as those in the first." Monterey Dev. Corp. v. Lawyer's Title Ins. Corp., 4 F.3d 605, 609 (8th Cir.1993). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion[.]" New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quotations omitted).

Although there is no bright-line test for whether a situation merits application of judicial estoppel, the Supreme Court has discussed three non-exclusive general factors to consider. First, to merit judicial estoppel, "a party's later position must be clearly inconsistent with its earlier position." Id. at 750–51. Second, the prior court must generally have accepted the party's first position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. The Eighth Circuit Court of Appeals has expanded this final consideration, holding that non-disclosure of the claim must not be inadvertent in order to merit judicial estoppel. Stallings v. Hussmann Corp., 447 F.3d 1041, 1048 (8th Cir. 2006)

In the context of a suit after bankruptcy, a party "may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." Stallings, 447 F.3d at 1047 (internal citations omitted). Such an omission is not, however, sufficient to merit an inference that the debtor intended to derive an unfair advantage without further evidence that the omission was intentional. "A rule that the requisite intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding would unduly expand

the reach of judicial estoppel in post-bankruptcy proceedings and would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies." Id. at 1049 (citation omitted).

Here, it appears that Plaintiff's ERISA claim against Defendants for denial of benefits did not accrue until after she had filed for bankruptcy protection. Plaintiff has sued under the provision of ERISA which allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C.A. § 1132(a)(1)(B). The Eighth Circuit has held that generally in an ERISA suit, "a cause of action accrues after a claim for benefits has been made and has been formally denied." Union Pac. R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998) (citation omitted). The exception to this general rule is that a cause of action may accrue earlier "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiar[y]." Id.

Here, accepting the allegations of the Complaint and all reasonable inferences therefrom, it appears that Plaintiff's claim under Section 1132(a)(1)(B) accrued when she received Defendant Anthem Life's September 21, 2016 letter denying her application for LTD benefits. This took place nearly three months after the bankruptcy petition was filed, nearly two months after Plaintiff had filed her bankruptcy disclosures, and a month after she converted her case from Chapter 13 to Chapter 7. There is nothing in the record to suggest an earlier repudiation or other signal to Plaintiff that the benefits were going to be denied.

Defendants are correct in noting that Plaintiff did not amend the disclosures during the pendency of the Bankruptcy Case to reflect a claim for improper refusal of benefits. However, Plaintiff had converted her case from a Chapter 13 to a Chapter 7 case prior to the accrual of the

ERISA cause of action.  One of the primary distinctions between bankruptcy proceedings under Chapter 13 and those under other chapters is that the bankruptcy estate under the latter includes (with some exceptions) "all legal or equitable interests of the debtor in property as of the commencement of the case"  11 U.S.C. § 541(a)(1), whereas the estate in the former also includes such property and interests acquired after the petition is filed but before the case is closed, dismissed, or converted to a case under chapters 7, 11 or 12, whichever occurs first. 11 U.S.C. § 1306(a).  Here, by the time the cause of action accrued in September 2016, the action had already been converted to a Chapter 7 case.  The ERISA enforcement claim was therefore a post-petition asset of Plaintiff and not part of the estate.  Her position in this case (that she now has a claim for denial of benefits) is not "clearly inconsistent" with her position taken in the bankruptcy case (that she did not have any claim for denial of benefits at the relevant time).  Therefore, the first New Hampshire factor weighs against judicial estoppel.

The second New Hampshire factor is partially satisfied, because the bankruptcy court did accept Plaintiff's position that there were no outstanding claims she could make as of the time the bankruptcy petition was filed.  The bankruptcy court accepted Plaintiff's representations and the trustee's finding of no assets by granting discharge and closing the case. Cf. Stallings, 447 F.3d at 1049 (finding that the bankruptcy court did not accept the debtor's position because it dismissed the case and did not grant discharge).  However, as the Plaintiff's position in the bankruptcy case was not inconsistent with her position in the current case, both can be accepted without creating the impression that either court has been misled by Plaintiff.

Finally, there is no indication from the record thusfar that suggests Plaintiff gains an unfair advantage or that Defendants suffer an unfair detriment that merits barring the claim.  Even if the claim for some reason should have been disclosed to the bankruptcy court, there is

nothing to suggest that this was anything other than inadvertence. Her Schedule I shows a gross monthly income of $8,427.10 from her employment. (ECF No. 7-2 at 32) Plaintiff was not actively working but was collecting STD benefits at the time of that filing. The Court can draw the reasonable inference that Plaintiff was planning to resume her normal work at or before the end of her STD period and so disclosed her regular rate of income. As such, even if one were to take the view that it was the potential entitlement to LTD benefits (rather than Defendants' refusal to honor that entitlement) that should have been disclosed, the omission would have been inadvertent at worst. The Court cannot find any evidence in the record to suggest that any omission by Plaintiff met the intent standard set forth by the Eighth Circuit for application of judicial estoppel.

## IV. Conclusion

As discussed above, judicial estoppel is an equitable doctrine to be invoked by a court at its discretion. Having considered the factors suggested for analysis, especially in light of the standard for ruling on a motion to dismiss, the Court finds that the interests of justice and fairness do not require that Plaintiff be precluded from pursuing her claim. Should the factual record develop to the point where a motion for summary judgment on the same theory is appropriate, the Court will consider it at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

SO ORDERED.

Dated this 2nd day of May, 2017

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE